JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD SCOTT FRACASSE, | ) | CASE NO. CV 17-464-R |
| | ) | |
| Appellant, | ) | ORDER DENYING APPEAL |
| | ) | |
| v. | ) | |
| | ) | Bankruptcy No.: 6:14-bk-17941 MJ |
| FRANK JOSEPH REDMOND, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

This matter comes before the Court on appeal from the United States Bankruptcy Court for the Central District of California. Appellant filed his opening brief on August 14, 2017. (Dkt. No. 22). Having been thoroughly briefed by both parties, this Court took the matter under submission on October 12, 2017.

On August 21, 2012, Appellant obtained a monetary judgment against Appellee. On August 28, 2013, Appellant obtained a writ of execution against Appellee's residence located at 41750 Avenida Ortega, Temecula, California ("the Residence"). The Riverside County Superior Court granted Appellant's request for judicial foreclosure. However, on June 18, 2014, before Appellant could complete foreclosure, Appellee filed for bankruptcy, resulting in an automatic stay of foreclosure proceedings. On March 29, 2016, the bankruptcy Trustee entered into a settlement agreement with Appellant which allowed him to foreclose on the Residence. The

Trustee moved for final approval on the settlement agreement, and Appellant moved for relief from the automatic stay in the bankruptcy case in order to proceed with judicial foreclosure on the Residence, per the settlement. These motions were set for hearing on April 26, 2016. At the hearing, the Bankruptcy Court granted the motion to approve the settlement agreement and also granted Appellant's motion for relief on the condition that Appellant "recommence the [judicial foreclosure] procedure, not pick it up wherever [Appellant was], and do it anew." Appellant, however, failed to include the Bankruptcy Court's oral order to restart the foreclosure process in the written order, and he did not recommence the foreclosure process as required. The foreclosure sale on the Residence was held on January 5, 2016, at which point Appellant purchased the Residence with a credit bid. Appellee, understanding this sale to be in violation of the April 26 Order, sued Appellant and moved for a preliminary injunction and to amend the April 26 Written Order to reflect the Bankruptcy Court's oral order. At the hearing, the Bankruptcy Court found that "the order that was very clearly made by the Court at the hearing on April of 2016 that [Appellant] had to start over in his state court execution procedure, did not make it to the [written] order" but "clearly [Appellant was] supposed to start over whether or not it was in the [written] order."

On February 27, 2017, the Bankruptcy Court amended its April 26 Order *nunc pro tunc* to include the Bankruptcy Court's oral condition that the stay is lifted as long as foreclosure proceedings begin anew. The February 27 Order states, "[t]he stay is lifted to allow [Appellant] to obtain a new writ of execution to levy upon the [Residence]. Once the new writ of execution is obtained, [Appellant] may proceed with a judicial foreclosure sale against that property…." The February 27 Order also voided the Sheriff's deed resulting from the judicial foreclosure sale that was conducted in violation of the April 26 Order. Finally, the Bankruptcy Court granted Appellee's motion for a preliminary injunction, enjoining Appellant from "commencing or continuing any lawful detainer proceeding against [Appellee]…except as otherwise ordered by the Court in the underlying bankruptcy case." On April 18, 2017, the February 27 Order was amended *nunc pro tunc* to include a legal description of the Residence.

Appellant challenges the February 27 Order and April 18 Order on the grounds that the

Bankruptcy Court exceeded its jurisdiction in amending the April 26 Order *nunc pro tunc*. Appellant argues that the court erred in requiring Appellant to obtain a new writ of execution on the Residence, voiding the Sheriff's deed on the Residence even though it was obtained in violation of the Bankruptcy Court Order, and enjoining Appellant from foreclosing on Appellee's property except as ordered by the Bankruptcy Court.

Federal district courts have mandatory jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. 27 U.S.C. § 158(a)(1); *In re Frontier Props., Inc.*, 979 F.2d 1358, 1362 (9th Cir. 1992). On appeal from an order of a bankruptcy court, the district court reviews conclusions of law *de novo* and findings of fact for clear error. *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009). The district court reviews the bankruptcy court's grant or deny of relief from the automatic stay for abuse of discretion. *In re Conejo Enters.*, 96 F.3d 346 (9th Cir. 1996). Decisions committed to the bankruptcy court's discretion will be reversed only if they are "based on an erroneous conclusion of law" or "the record contains no evidence on which the bankruptcy court rationally could have based that decision." *Id.* "It is well recognized that a bankruptcy court has the power to interpret and enforce its own orders." *In re Wilshire Courtyard*, 729 F.3d 1279, 1289 (9th Cir. 2013); *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 151 (2009).

In this case, the Bankruptcy Court did not abuse its discretion in granting relief from the automatic stay, nor did it exceed its jurisdiction in enforcing the order granting relief. The Court has reviewed both Appellant's Appendix and Appellee's Appendix and finds that there is clear evidence in the record supporting the Bankruptcy Court's April 26 Order. The transcript from the April 26 hearing shows that the Bankruptcy Court considered arguments from the parties, the California Civil Code, and limits on the Bankruptcy Court's jurisdiction in granting Appellant relief conditioned on his restarting the judicial foreclosure process in state court. Having reviewed the record and applicable law, the Court also finds that the April 26 Order was not based on an erroneous conclusion of law.

The Bankruptcy Court did not exceed its jurisdiction in amending the April 26 Order *nunc pro tunc* because the Bankruptcy Court has inherent authority to enforce its own orders. Here, the April 26 hearing transcript clearly states that the Appellant must restart the judicial foreclosure

process in state court as a condition for its grant of relief from the automatic stay. Appellant was directed to submit a written order to the Bankruptcy Court reflecting the orders made at the April 26 hearing. The written order that Appellant submitted to the Bankruptcy Court omitted the condition that Appellant restart the foreclosure process. Therefore, the Bankruptcy Court did not err in amending the written order to accurately reflect what had been ordered at the April 26 hearing. Appellant proceeded with foreclosure on the Residence in violation of the Bankruptcy Court's order to restart the procedure. The Bankruptcy Court, consequently, voided the Sheriff's deed that resulted from a violation of its order. Appellant was not relieved from his duty to comply with the April 26 orders because of his failure, inadvertent or not, to submit an accurate written order to the Court. Because the Bankruptcy Court is empowered to enforce its own orders, it did not err in voiding the Sheriff's deed or enjoining Appellant from foreclosing on Appellee's property.

Appellant's arguments that the Bankruptcy Court exceeded its jurisdiction based on the *Rooker-Feldman* doctrine are misplaced. The *Rooker-Feldman* doctrine holds that federal district courts have "no authority to review the final determinations of a state court in judicial proceedings." *In re Gruntz*, 202 F.3d 1075, 1078 (9th Cir. 2000). "[B]ankruptcy courts are empowered to avoid state judgments, to modify them, and to discharge them." *Id.* at 1079. Even if the Bankruptcy Court's orders did nullify a state court judgment, the Bankruptcy Court did not violate the *Rooker-Feldman* doctrine because it is specifically empowered to avoid, modify, and discharge state judgments. Accordingly, the Bankruptcy Court did not exceed its jurisdiction.

**IT IS HEREBY ORDERED** that Appellant's appeal is DENIED. (Dkt. No. 22).

Dated: December 21, 2017.

_____

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

4